Filed 8/14/14  P. v. Brazil CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHALAYNE BRAZIL,<br><br>    Defendant and Appellant. | C074371<br><br>(Super. Ct. Nos. 09F09308,<br> 09F09353 & 10F00128) |

Appointed counsel for defendant Shalayne Brazil asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

## I

On December 14, 2009, defendant Shalayne Brazil possessed numerous items belonging to Jessica Wright knowing that the items had been stolen.

Defendant pleaded no contest to receiving stolen property (Pen. Code, § 496, subd. (a) -- count four) in exchange for a grant of probation and dismissal, with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754) for purposes of restitution, of six other counts involving six other victims.

The trial court suspended imposition of sentence and granted probation for five years with various terms and conditions, including victim restitution to all seven victims in an amount to be determined.

The parties and the trial court agreed that in determining the recommended amount of restitution, the probation officer had made an addition error and that the recommended amount of restitution was $30,313.16 rather than $30,120.16. Nonetheless, defendant requested a hearing to dispute the amount. Defendant signed an agreement that her failure to appear at the restitution hearing would constitute a waiver of her rights and that the trial court could impose the recommended amount of restitution. After numerous continuances, defendant failed to appear at the June 21, 2013 restitution hearing and the trial court imposed $30,313.16 in victim restitution with no objection from defense counsel.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                          MAURO        , J.

We concur:

              BLEASE        , Acting P. J.

              ROBIE        , J.